NOT FOR PUBLICATION

FILED

DEC 22 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MEGUMI HISAMATSU, | No. 09-15852 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-04371-JSW |
| v. | |
| KAUSHAL NIROULA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted December 9, 2010
San Francisco, California

Before: REINHARDT, HAWKINS, and N.R. SMITH, Circuit Judges.

Megumi Hisamatsu ("Hisamatsu") appeals the district court's decision

dismissing her Second Amended Complaint as to Defendant Bank of Hawaii

("BOH") without leave to amend and denying her motion for summary judgment.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.P

1.     The Indemnification Agreement ("Agreement"), which Hisamatsu signed to confirm that she wished to withdraw her forgery claim, was not a release. By its plain language, the Agreement did not seek to release BOH from liability. Rather, it was a written confirmation of Hisamatsu's verbal request to withdraw her forgery dispute. Therefore, California Civil Code § 1668 does not apply. Similarly, indemnification is not at issue in this action, which means the indemnification clause of the Agreement is also not at issue. *See Queen Villas Homeowners Ass'n. v. TCB Prop. Mgmt.*, 56 Cal. Rptr. 3d 528, 530 (2007) (holding that indemnification generally applies only to third party claims). Thus, Hisamatsu's claim that California Civil Code § 2773 prevents enforcement of the Agreement has no merit.

2.     Hisamatsu's First Amended Complaint and Second Amended Complaint recite primarily common law causes of action. However, this action is governed by the Uniform Commercial Code. *See* Cal. Com. Code § 1103(b) cmt. 2; *see also Joffe v. United California Bank,* 190 Cal. Rptr. 443, 452 (Cal. Ct. App. 1983) (negligence action precluded by California Commercial Code § 4401, which displaced principles of tort law). Hisamatsu's claims for fraud, which may have survived if they "supplement[ed]" rather than "supplant[ed]" (*see* § 1103(b) cmt. 2) provisions of the Commercial Code, were correctly dismissed. BOH did not

owe a duty to affirmatively explain the legal ramifications of signing the

Agreement to Hisamatsu. In California, banks do not have a quasi-fiduciary or

fiduciary relationship with their customers.[1] *Copesky v. Superior Court*, 280 Cal.

Rptr. 338, 348 (Cal. Ct. App. 1991). Without this relationship, a mere omission

cannot constitute actionable fraud. *See Cohen v. Wedbush, Noble, Cooke, Inc.*, 841

F.2d 282, 287 (9th Cir. 1988), *overruled on other grounds by Ticknor v. Choice*

*Hotels Int'l, Inc.*, 265 F.3d 931, 941-42 (9th Cir. 2004) ("In order for a mere

omission to constitute actionable fraud, a plaintiff must first demonstrate that the

defendant had a duty to disclose the fact at issue.").

3.      The district court ruled that, under California Commercial Code § 4406,

Hisamatsu's remaining claims against BOH were barred, because her withdrawal

of the forgery claim placed any subsequent notice of a forgery outside of the sixty

day period within which she was contractually required to contact BOH regarding

forgery claims. Hisamatsu's opening brief to this court does not challenge the

district court's holding or reasoning regarding section 4406. In fact, nowhere does

the opening brief discuss section 4406, which was the sole basis for the district

---

[1]      The district court applied California law to the Uniform Commercial Code claims, because Hawaii had no case law interpreting its Commercial Code on these issues. The district court also applied California law to the claims regarding the validity of the Agreement, because it was signed in California. The choice of law has not been challenged.

3

court's dismissal without leave to amend. Therefore, Hisamatsu has waived any argument that § 4406 does not operate to preclude her claims.[2] *See Greenwood v. F.A.A.*, 28 F.3d 971, 978 (9th Cir. 1994) (matter not specifically and distinctly argued in opening brief is waived on review).

4. Hisamatsu's assertion that the district court deprived her of her Seventh Amendment right to a jury trial has no merit. *Cf. In re Slatkin*, 525 F.3d 805, 811 (9th Cir. 2008) ("As the Supreme Court held, over one hundred years ago, a summary judgment proceeding does not deprive the losing party of its Seventh Amendment right to a jury trial.").

AFFIRMED.

---

[2] The court expresses no opinion on whether the district court's holding regarding California Commercial Code § 4406 is correct, as that issue is not before us.